**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Onyx Enterprise Trust, | No. CV-25-02184-PHX-DJH |
| Plaintiff, | **ORDER** |
| v. | |
| Ally Financial Incorporated, et al., | |
| Defendants. | |

Pending before the Court is *Pro Se* Plaintiff Onyx Enterprise Trust's ("Onyx") Application to Proceed in the District Court Without Prepaying Fees or Costs through its fiduciary, Willy Alohalani Tuanaki ("Tuanaki"). (Doc. 2). The Court will deny Onyx's and Tuanaki's Application to proceed *in forma pauperis* ("IFP") for three reasons, as discussed below.

To start, though "a non-attorney may appear *in propria persona* in his own behalf, that privilege is personal to him." *See Multi-Denominational Ministry of Cannabis & Rastafari, Inc. v. Holder*, 365 F. App'x 817, 819 (9th Cir. 2010) (dismissing a party as plaintiff because it was an entity not represented by counsel); *see also C.E. Pope Equity Trust v. United States,* 818 F.2d 696 (9th Cir. 1987) (stating that a trust can only appear through counsel). Here, Onyx seeks to initiate a lawsuit against several defendants through its fiduciary, Tuanaki, but does not have attorney representation. (Doc. 1). To proceed any further with any of its claims, Onyx, the real party in interest, must obtain counsel.

Second, artificial entities like a trust cannot proceed as IFP status in a lawsuit.  *See Rowland v. California Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 203 (1993) (standing for the proposition that only natural persons and not entities can proceed *in forma pauperis* as limited by 28 U.S. § 1915).  As a trust, Onyx cannot seek IFP status, even through its fiduciary, Tuanaki.

Lastly, and relatedly, only *pro se* parties themselves can seek IFP status.  *See Fed. Home Loan Mortg. Corp. v. Yu Hui Jian*, 2014 WL 12860020, at *2 (N.D. Ga. Sept. 26, 2014) (dismissing an IFP application because plaintiff attempted to file for IFP status on behalf of a trust).  Here, Tuanaki filled out the A0 239 Form with his own information, but seemingly on behalf of Onyx.  (Doc. 2 at 1). Tuanaki is not entitled to file an IFP action on behalf of a trust.  Even assuming that a trust can proceed *in forma pauperis*—it cannot—the IFP application should have included Onyx's information, not Tuanaki's.

In sum, Onyx, proceeding through its fiduciary, Tuanaki, is ineligible to proceed as IFP status.

Accordingly,

**IT IS ORDERED** that the Application to Proceed in District Court Without Prepaying Fees or Costs (Doc. 2) is **DENIED**.

**IT IS FURTHER ORDERED** Plaintiff Onyx shall have thirty (30) days to obtain counsel and file a Notice of Appearance.

**IT IS FURTHER ORDERED** that unless Plaintiff Onyx pays the filing fee in full on or before September 19, 2025 the Clerk of Court shall dismiss this action without further notice to Plaintiff.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

1      **IT IS FINALLY ORDERED** that the following motions are denied as moot:

2   Motion for Judicial Notice of Verified Affidavit and Estoppel Record (Doc. 6); Motion

3   for Judicial Notice of Verified Estoppel Record and Incorporated Affidavits (Doc. 10);

4   Motion for Summary Judgment (Doc. 14); and Notice of Judicial Delay (Doc. 16).

5      Dated this 4th day of September, 2025.

6

7

8   _____
    Honorable Diane J. Humetewa

9   United States District Judge

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28