**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Onyx Enterprise Trust, | No. CV-25-02184-PHX-DJH |
| Plaintiff, | **ORDER** |
| v. | |
| Ally Financial Incorporated, et al., | |
| Defendants. | |

Before the Court is *Pro Se* Plaintiff's Motion to Amend Caption to substitute Willy Alohalani Tuanaki ("Tuanaki") as the named plaintiff in place of Onyx Enterprise Trust ("Onyx Trust"). (Doc. 23). On June 24, 2025, Onyx Enterprise Trust filed a Complaint and an *in forma pauperis* ("IFP") application. (Doc. 1); (Doc. 2). The Court denied Onyx Trust's IFP application on September 4, 2025, on the grounds that an IFP application cannot be granted for a trust and because a trust must be represented by counsel in federal court. (Doc. 22 at 1–2). Now, Tuanaki asks that all prior filings be amended to reflect the proper name and that he be excused from having to refile the Complaint. (*Id.*) He requests this relief under Federal Rule of Civil Procedure 17(a)(3) and Federal Rule of Civil Procedure 15(a)(2).[1] The Court will allow the requested amendment. However, the Court

---

[1] Federal Rule of Civil Procedure 15(a)(2) applies after a party has already amended its pleadings once as a matter of course. *See* Fed. R. Civ. Pro. 15(a)(2) ("In all other cases, a party may amend is pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.") It does not apply to the case at hand. *See also Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (stating that the rule only applies after amendment as a matter of course under 15(a) has been exhausted).

1  will not direct the Clerk of Court to amend the caption on Tuanaki's behalf.

2  Rule 17(a)(3) allows for the substitution of a plaintiff, in limited situations, in the absence of a procedurally proper motion.[2] *See Jones v. Las Vegas Metro. Police Dep't*, 873 F.3d 1123, 1129 (9th Cir. 2017). The Court "may not dismiss an action for failure to prosecute in the name of the real party in interest until, after an objection, a reasonable time has been allowed for the real party in interest to ratify, join, or be substituted into the action." Fed. R. Civ. P. 17(a)(3). "The purpose of [that] rule is 'to prevent forfeiture of a claim when an honest mistake was made.'" *Jones*, 873 F.3d at 1128 (quoting *Goodman v. United States*, 298 F.3d 1048, 1054 (9th Cir. 2002)). Rule 17(a)(3), also, applies when it is difficult to determine which party is the correct party entitled to bring an action. *U.S. for Use & Benefit of Wulff v. CMA, Inc.*, 890 F.2d 1070, 1074 (9th Cir. 1989). When considering a Rule 17(a)(3) substitution, the Court must, also, weigh any prejudice that could be suffered by the Defendants. *See Hassanati ex rel. Said v. Int'l Lease Fin. Corp.*, 643 F. App'x 620, 622 (9th Cir. 2016) (citing *Wulff*, 890 F.2d at 1073-75).

The Court finds that the relief requested by Tuanaki is proper and should be granted. To start, Court cannot glean why Defendants in this action would be prejudiced by allowing Tuanaki to proceed in place of currently named Plaintiff Onyx Trust. *See Bateman v. U.S. Postal Serv.*, 231 F.3d 1220, 1224–25 (9th Cir. 2000) (stating that defending on the merits constitutes minimal prejudice). There is also no reason for the Court to suspect that Tuanaki's mistake was not honest. Therefore, the requested relief should be granted. However, the Court will not amend "all prior filings in this action. . .to reflect the corrected caption, nunc pro tunc to the date of this motion." (Doc. 23 at 2). Tuanaki is responsible for filing an amended complaint.

Accordingly,

**IT IS ORDERED** that Plaintiff's Motion to Amend Caption (Doc. 23) is **GRANTED**.

---

[2] The procedurally proper way to amend the caption is by bringing a motion under Local Rule of Civil Procedure 15.1(b). *See* LRCiv 15.1(b) (stating how to file an amended pleading as a matter of course or by consent).

**IT IS FURTHER ORDERED** Plaintiff shall file a first amended complaint on or before September 22, 2025, either with the required filing fee or with an application to proceed *in forma pauperis*. The first amended complaint may not incorporate any part of the original complaint by reference.

Dated this 17th day of September, 2025.

Honorable Diane J. Humetewa
United States District Judge